1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

O
JS-6

# United States District Court
# Central District of California

BEACH DISTRICT SURGERY CENTER,

                    Plaintiff,

          v.

EP WEALTH ADVISORS, LLC et al.,

                    Defendants.

Case № 2:25-cv-01313-ODW (RAOx)

**ORDER GRANTING MOTION TO REMAND [11]; AND DENYING MOTION TO DISMISS AS MOOT [9]**

## I.    INTRODUCTION

Plaintiff Beach District Surgery Center ("Beach District") brings this action against Defendant EP Wealth Advisors, LLC ("EP"), for negligent misrepresentation and promissory estoppel.  (Notice Removal ("NOR") Ex. A ("Compl.") ¶¶ 23–59, ECF No. 1.)  EP removed the case to federal court based on complete preemption under the Employee Retirement Income Security Act ("ERISA") § 502(a), 29 U.S.C. § 1132(a).  (NOR ¶¶ 19–24.)  Beach District moves to remand, (Mot. Remand, ECF No. 11), and EP moves to dismiss, (Mot. Dismiss, ECF No. 9).  The Court deemed the motions appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  Finding complete preemption lacking, the Court **GRANTS** Beach District's Motion to Remand and **DENIES AS MOOT** EP's Motion to Dismiss.

## II.    BACKGROUND

Beach District is a California medical corporation that provided a surgical procedure to Patient K.M. on February 7, 2023.  (Compl. ¶¶ 1, 23.)  K.M. had a health plan with EP, which was administered by United Healthcare Services, Inc. ("UHS").  (*Id.* ¶¶ 3, 8.)  Prior to the surgical procedure, on February 3, 2023, Beach District's representative spoke with EP's representative to confirm "the manner in which" Beach District would be paid for the surgical services.  (*Id.* ¶24.)  In response to Beach District's inquiries, EP confirmed it would pay the usual customary reasonable rate ("UCR") for the specific services Beach District identified, and would not pay the Medicare Fee Schedule for those services.  (*Id.* ¶¶ 16, 29–31.)  In reliance on EP's confirmation, Beach District provided the noted services.  (*Id.* ¶ 38.)

Following the surgical procedure, Beach District submitted to EP, through UHS, a bill for $79,695.00, along with all required paperwork and medical records.  (*Id.* ¶¶ 39–40.)  Beach District expected that EP would pay at least the UCR value of the services.  (*Id.* ¶ 41.)  However, EP processed the bill and paid $0.00.  (*Id.* ¶ 42.)  Beach District contends this amount "was based on Medicare and was well below the UCR amount represented during the" February 3, 2025 communication.  (*Id.* ¶ 43.)

Based on the above facts, Beach District filed this legal action in state court asserting causes of action against EP for negligent misrepresentation and promissory estoppel.  (*Id.* ¶¶ 44–59.)  Beach District seeks to recover the promised UCR value of the services it provided.  (*Id.* ¶¶ 50, 59.)  EP removed to this Court, arguing Beach District's state law claims are completely preempted under ERISA § 502(a), (NOR ¶ 19), and then moved to dismiss under ERISA § 514(a)'s conflict-preemption statute, 29 U.S.C. § 1144(a), (Mot. Dismiss 1–2).  Beach District now moves to remand, arguing complete preemption does not apply in this case.  (Mot. Remand 1–2.)

## III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have subject-matter jurisdiction only over matters authorized by the Constitution and Congress.

1   U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*,
2   511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court
3   if the federal court would have had original jurisdiction over the suit.  28 U.S.C.
4   § 1441(a).  Federal courts have original jurisdiction where a plaintiff's well-pleaded
5   complaint presents a federal question or where each plaintiff's citizenship is diverse
6   from each defendant's citizenship and the amount in controversy exceeds $75,000.  *Id.*
7   §§ 1331, 1332(a).  The party seeking removal bears the burden of establishing federal
8   jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal
9   jurisdiction must be rejected if there is any doubt as to the right of removal in the first
10  instance." *Id.*

11              **IV.    DISCUSSION**

12          EP argues Beach District's state law claims are completely preempted under
13  ERISA § 502(a), thereby establishing federal question jurisdiction in this action.
14  (NOR ¶¶ 19–24.)  EP further contends that the Court must dismiss Beach District's
15  claims because they are conflict preempted by ERISA § 514(a).  (Mot. Dismiss 6–9.)
16  Beach District seeks remand on the grounds that complete preemption under ERISA
17  § 502(a) does not apply, meaning the Court lacks subject matter jurisdiction and may
18  not consider EP's arguments for dismissal.    (Mot. Remand 1–2; Opp'n Mot.
19  Dismiss 2, ECF No. 18.)

20          "Determining the merits of [Beach District's] entitlement to recover under [its
21  state law claims] is not appropriate unless the Court first determines that it has
22  jurisdiction." *Emsurgcare v. UnitedHealthcare Ins. Co.*, 736 F. Supp. 3d 808, 817
23  (C.D. Cal. 2024) (noting that a plaintiff's ability to recover on the merits of their
24  claims has little bearing on the question of ERISA § 502(a) complete preemption).  As
25  the Court finds that Beach District's state law claims are not completely preempted
26  under ERISA § 502(a), the Court lacks federal subject matter jurisdiction and does not
27  reach EP's Motion to Dismiss.

28

## A.      ERISA Preemption

"ERISA has two separate provisions that implicate preemption: ERISA § 502(a), codified at 29 U.S.C. § 1132(a), and ERISA § 514(a), codified at 29 U.S.C. § 1144(a)."  *Id.* at 814.  "The latter, which provides that ERISA 'shall supersede any and all State laws insofar as they may now or hereafter relate to' specified ERISA plans, 29 U.S.C. § 1144(a), provides a defense of conflict preemption that does not give rise to federal-question jurisdiction."  *Id.* (citing *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 949 (9th Cir. 2009)).

"In contrast, ERISA § 502(a) creates a private cause of action for ERISA plan participants and beneficiaries" that has "such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Id.* at 815 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)).  Federal question jurisdiction exists in those instances because the plaintiff's claim, "even if pleaded in terms of state law, is in reality based on federal law."  *Davila*, 542 U.S. at 207–08 (internal quotation marks omitted).  However, if complete preemption under ERISA § 502(a) is not met, a federal district court is without subject matter jurisdiction and the potential for conflict preemption under ERISA § 514(a) is irrelevant.  *Marin*, 581 F.3d at 945 ("[C]omplete preemption under § 502(a) . . . provides a basis for federal question removal jurisdiction, and conflict preemption under § 514(a) . . . does not.").

The Supreme Court has adopted a two-part test for determining whether ERISA completely preempts state law claims.  *Davila*, 542 U.S. at 210.  ERISA completely preempts state law claims where, first, "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and second, "there is no other independent legal duty that is implicated by a defendant's actions."  *Id.*  When asserting removal on the basis of complete preemption under ERISA, as EP does here, the defendant bears the burden to prove that both prongs of *Davila* are satisfied.  *Marin*, 581 F.3d at 944, 947 ("The two-prong test of *Davila* is in the conjunctive. A

4

1    state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test

2    are satisfied.").

3    **B.      Application**

4            Beach District argues that *Marin* governs here such that its claims are not

5    completely preempted.  (Mot. Remand 2–3.)  In *Marin*, a medical provider contacted

6    the administrator of an ERISA plan to confirm that a prospective patient had health

7    insurance through the plan.  581 F.3d at 943.  The administrator "orally verified the

8    patient's coverage, authorized treatment, and agreed to cover 90% of the patient's

9    medical expenses at the Hospital."   *Id.*   The administrator ultimately paid only

10   one-third of the patient's medical expenses, prompting the medical provider to sue the

11   administrator for breaching their oral contract.  *Id.* at 943–44.  The Ninth Circuit held

12   that ERISA did not completely preempt the plaintiff's claim.  *Id.* at 947–50.  The court

13   reasoned that the provider could not have brought the claim under ERISA because it

14   was the oral contract, not the ERISA plan terms, that provided the basis for recovery.

15   *Id.* at 947.  The court also concluded that the oral contract was wholly independent of

16   any obligations the administrator had under the ERISA plan.  *Id.* at 948.

17           Beach District is correct that *Marin* controls the outcome here.  It asserts two

18   state law claims: negligent misrepresentation and promissory estoppel.  (Compl.

19   ¶¶ 44–59.)   Both arise from the February 3, 2023 communication in which EP's

20   representative promised payment for medical services at the UCR rate rather than

21   under the Medicare Fee Schedule.  (*Id.* ¶¶ 23–59.) As Beach District alleges its claims

22   arise out of the representation and promise of a specific rate of payment, not the

23   ERISA plan terms, Beach District could not have brought its claims under ERISA

24   § 502(a)(1)(b).

25           The Court is not persuaded by EP's argument that Beach District actually seeks

26   to enforce an assignment from the patient, and so could have brought its claims under

27   ERISA § 502(a).   (Opp'n Remand 7–13, ECF No. 14.)   Beach District does not

28   mention an assignment in its Complaint, and the Court denies EP's request that the

1  disputed claim submission form be judicially noticed or incorporated by reference.[1]

2  (Def.'s Req. Judicial Notice ("DRJN"), ECF No. 15.)   Further, the mere fact that

3  Beach District *could* have asserted a *different* claim than it does here "d[oes] not

4  automatically mean that [Beach District] could not bring some other suit against [EP]

5  based on some other legal obligation." *Marin*, 581 F.3d at 948; *see also Blue Cross of

6  Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1052 (9th Cir. 1999)

7  ("[W]e find no basis to conclude that the mere fact of assignment converts the

8  [p]roviders' claims into claims to recover benefits under the terms of an ERISA

9  plan.").   As Beach District could not have brought its claims under ERISA

10  § 502(a)(1)(b), EP does not satisfy the first *Davila* prong.

11      The *Davila* test is conjunctive, meaning the Court need not consider the second

12  prong as the first has failed.  Nevertheless, the Court finds it worthwhile to address

13  EP's arguments regarding *Davila*'s second prong: "no other independent legal duty."

14  542 U.S. at 210; (*see* Opp'n Remand 13–17.)   Beach District unambiguously asserts

15  an entitlement to recovery that is based on an independent legal duty—namely state

16  law negligent misrepresentation and promissory estoppel arising from the February 3,

17  2023 communication in which EP's representative promised payment for medical

18  services at the UCR rate rather than under the Medicare Fee Schedule.  *See Marin*,

19  581 F.3d at 948 ("[T]he Hospital is not suing defendants based on . . . [an] ERISA

20  plan pursuant to § 502(a)(1)(B); rather, it is suing in its own right pursuant to an

21  independent obligation.").   Whether Beach District's non-ERISA legal theories have

22  or lack merit "does not change the fact that those theories, as pleaded, do not implicate

---

[1] EP requests that the Court take judicial notice and/or consider as incorporated by reference: an ERISA-governed health benefit plan, a provider claim submission form, and a pre-services authorization letter.  (DRJN ¶¶ 2, 7–8; *Id.* Exs. A–C, ECF Nos. 15-1 to 15-3.)  The documents EP submits are not appropriate for either judicial notice or incorporation by reference.  *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (explaining that a court may take judicial notice of matters of public record that are not subject to reasonable dispute); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (explaining that a document may be incorporated by reference where neither party disputes its authenticity and the pleading necessarily relies on the document).

1  any duty under ERISA and thus do not give rise to jurisdiction under complete

2  preemption." *Alta L.A. Hosps., Inc. v. Blue Cross of Cal.*, No. 2:17-cv-03611-ODW

3  (MRWx), 2017 WL 3671156, at *3 (C.D. Cal. Aug. 24, 2017) ("If Plaintiff wants to

4  avoid complete preemption by asserting nonsensical state law theories, that is its

5  prerogative."). Beach District alleges an independent legal duty for its claims, so EP

6  does not satisfy the second *Davila* prong.

7      EP argues this assessment of "independent" is flawed and the Court should look

8  to *Bristol SL Holdings, Inc. v. Cigna Health & Life Insurance Company*, 103 F.4th 597

9  (9th Cir. 2024), in evaluating the second *Davila* prong: whether "no other independent

10  legal duty . . . is implicated by [EP's] actions." *Davila*, 542 U.S. at 210; (*see* Opp'n

11  Remand 14–17.) The Ninth Circuit in *Bristol* was concerned with conflict preemption

12  under § 514(a), not complete preemption under § 502(a). *See Bristol*, 103 F.4th

13  at 602. Nevertheless, EP urges that *Bristol*'s analysis of "independent state law

14  claims" under ERISA § 514(a) should "lend[] guidance to the Court on what types of

15  claims are preempted by ERISA" under § 502(a). (Opp'n Remand 14.) The Ninth

16  Circuit has cautioned against applying conflict preemption terminology to complete

17  preemption analyses. *See Marin*, 581 F.3d at 945–46. It noted the confusion created

18  by "opinions dealing with complete preemption under § 502(a) [which] have used the

19  terminology 'relate to' even though that terminology is relevant to conflict preemption

20  under § 514(a)." *Id.* Indeed, EP itself applies "relate to"—terminology specific to

21  conflict preemption—in arguing for removal based on complete preemption. (*See*

22  NOR ¶¶ 24–25 (asserting that complete preemption applies because Beach District's

23  "state law claims directly *relate to* the enforcement of rights" under an ERISA plan

24  (emphasis added)).) Absent binding authority applying *Bristol*'s conflict preemption

25  analysis of "independent state law claims" to *Davila*'s complete preemption analysis

26  of "independent legal duty," the Court declines to add to the confusion by crossing the

27  preemption streams.

28

EP fails to establish that both *Davila* prongs are satisfied. Accordingly, complete preemption does not apply, and the Court lacks subject matter jurisdiction. *Marin*, 581 F.3d at 944 ("Removal was proper only if the Hospital's claims are completely pre-empted."). As such, the Court does not reach EP's Motion to Dismiss.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Beach District's Motion to Remand, (ECF No. 11), and **DENIES** EP's Motion to Dismiss as moot, (ECF No. 9). The Court **REMANDS** this action to the Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, CA 90012, Case No. 24STCV30807. All dates are **VACATED**. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

August 19, 2025

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**